101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Gerald R. EDSELL, Plaintiff-Appellant,
v.
INDEPENDENT FREIGHTWAYS, INC., Defendant-Appellee.
 No. 95-7708.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 APPEARING FOR APPELLANT: Gerald Edsell, pro se, Brewerton, NY
 APPEARING FOR APPELLEE: Alan R. Peterman, Syracuse, NY
 N.D.N.Y.
 AFFIRMED.
 PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOHN M. WALKER, Jr., Hon. JOSEPH M. McLAUGHLIN, Circuit Judges.
 
 
 1
 Plaintiff-appellant Gerald Edsell appeals pro se from a judgment entered June 19, 1995 in the United States District Court for the Northern District of New York that granted summary judgment to defendant-appellee Independent Freightways, Inc. ("Inway"). Edsell was a truck driver for Trinity Trucking ("Trinity") of Pennellville, New York. On February 19, 1992, Trinity entered into a contract with Inway, in which Trinity agreed to perform trucking services for Inway as an independent contractor and to provide legally qualified drivers. Trinity was also required to notify Inway of any accidents involving the equipment and the driver and to cooperate with Inway in any subsequent investigation.
 
 
 2
 As an employee of Trinity, but while driving a truck leased to Inway pursuant to the agreement between Inway and Trinity, Edsell was repeatedly cited for violations of the Federal Motor Carrier Safety Regulations and other rules, including excessive speed, excessive time on duty, failure to enter total miles driven, failure to enter time into his log book, and an accident in which Edsell backed into another vehicle. On April 23, 1993, Edsell was involved in an accident in the Village of Theresa, New York, in which he struck telephone wires and subsequently failed to cooperate with insurance adjusters. Thereafter, Inway terminated its agreement with Trinity and it advised Edsell, by letter, that he was no longer eligible to drive for Inway due to his poor safety record. Inway also submitted a form to Transportation Information Services, Inc., d/b/a DAC Services ("DAC"), an organization which maintains an electronic database of driver performance information in which Inway reported that Edsell had been terminated for his poor safety record.
 
 
 3
 In February, 1994, Edsell brought this lawsuit in diversity against Inway. His complaint asserted Inway had defamed his character and his abilities as a driver to potential employers through its report to DAC. Inway filed a motion for summary judgment, and after briefing and a hearing, the court granted Inway's motion in a Memorandum-Decision & Order and entered judgment against Edsell. Edsell now appeals from that judgment.
 
 
 4
 We affirm for substantially the reasons set forth in the district court's Memorandum-Decision & Order. See Edsell v. Independent Freightways, Inc., No. CV-94-227 (N.D.N.Y. June 19, 1995).
 
 
 5
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.